UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re Application of GORSOAN LIMITED and
GAZPROMBANK OJSC for an Order Pursuant
to 28 U.S.C. § 1782 to Conduct Discovery for
Use in a Foreign Proceeding.

No. 17-cv-5912 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

On December 23, 2020, Janna Bullock filed a letter with the Court indicating that she had substantially completed her production obligations, with the exception of certain foreign language documents held by her Swiss counsel, which she asserted fall beyond the scope of discovery in this action.  (Doc. No. 91.)  On January 12, 2021, having received no response from Petitioners Gazprombank OJSC and its assignee Gorsoan Limited (together, "Gorsoan"), the Court issued an order concluding that Bullock had satisfied her production obligations, and directing the parties to proceed with Bullock's deposition by January 22, 2021.  (Doc. No. 92.)

But two days later, on January 14, 2021, Gorsoan filed a letter with the Court, explaining that it had not responded to Bullock's earlier letter because Gorsoan understood it "to constitute an application to the Court for a briefing schedule" on the issue of the Swiss documents.  (Doc. No. 93 at 1.)  Gorsoan went on to indicate that it had spoken to Bullock about several concerns with her recent production, and requested that the Court adjourn Bullock's deposition date so that the parties could continue that dialogue and resolve their disputes.  (*Id.* at 1–2; *see also* Doc. No. 93-1.)  The Court promptly granted Gorsoan's request and ordered the parties to file a joint status update by January 22, 2021.  (Doc. No. 94.)

Later that same day, however, Bullock filed her own letter, indicating that she was "surprised to learn that Gorsoan was seeking to postpone [her] deposition."  (Doc. No. 95 at 1.)

As Bullock explained, up until Gorsoan filed its letter, Bullock was under the impression that the parties agreed that her deposition would take place in late January.  (*Id.*)  In fact, Bullock pointed out that Gorsoan sent an email as recently as January 13, 2021, proposing to hold the deposition on January 21, 2021.  (Doc. No. 95-1.)  Bullock went on to reiterate that the Swiss documents fall outside the scope of discovery in this case.  (Doc. No. 95 at 2–4.)  As for the other issues raised in Gorsoan's letter, Bullock explained that they have either been addressed or do not present cause to delay the deposition.  (*Id.* at 1–2.)  As a result, Bullock asked "that the Court reinstate its January 1[2] [o]rder closing document discovery and requiring Gorsoan to proceed to deposition accordingly."  (*Id.* at 4.)

In light of the information provided in Bullock's letter and the exhibits attached thereto, the parties are no longer required to submit a joint status update by January 22, 2021.  Instead, Gorsoan shall file a response to Bullock's letter by January 18, 2021.  Among other things, Gorsoan's response should apprise the Court of Gorsoan's position on whether the Swiss documents fall within the scope of discovery in this action.  The Court will then endeavor to resolve the parties' disputes in short order.  If the Court concludes that Bullock has indeed satisfied her production obligations, the parties should be prepared to move forward with Bullock's deposition as soon as the week of January 25, 2021.

SO ORDERED.

Dated:      January 14, 2021
            New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation